JEROME W. BELL *vs.* HENRY SMITH & another.

The usage of a trader to withhold from his agents authority to sell goods on credit is immaterial, and so inadmissible, on the question whether he specially conferred such authority upon an agent who admits that it was not contained in his original contract of agency.

In an action by an agent against his principals for wages for services rendered under a contract terminated by them, evidence that, on terminating it, they credited him on their ledger for the full amount of his stipulated wages up to that time, is competent to prove that they waived any claim to a forfeiture thereof; although the entry on the ledger was made without his knowledge.

CONTRACT against traders in tin ware, for wages as a peddler of the same. The defendants declared in set-off on an account with items for "goods trusted out" by the plaintiff. Trial in the superior court, before *Brigham*, J., who allowed the following bill of exceptions :

"The action had been referred to an auditor, who reported a sum as due to the plaintiff, and disallowed the defendants' set-off. The plaintiff offered in evidence the auditor's report, and rested his case. The defendants then offered evidence tending to show that the plaintiff performed the labor under a written contract dated September 14, 1866, by which he engaged to

peddle for them one year for $600, and that on May 2, 1867, being directed by the defendants to take his wagon, furnished to him by the defendants, and go out and collect pay for goods which he had trusted out, refused to do so, and several times repeated his refusal when inquired of by the defendants whether they should understand that he refused to perform this duty, and then surrendered to the defendants the keys of the wagon and the key of the barn where the wagon was kept. It further appeared that on the day following, and for several successive days, the plaintiff tendered himself to the defendants to go out and collect his accounts, but the defendants refused to employ him further, insisting that he had left their service as before stated.

" For the purpose of proving their account in set-off, the defendants showed that they employed usually about thirty peddlers ; that it was a rule of their establishment, well understood by all their peddlers, that peddlers should not trust out the goods committed to them for sale, unless upon their own responsibility ; and that, in conformity with this rule, their peddlers held themselves accountable for goods trusted out by them. The court, however, rejected all evidence of such a rule, and of the usage and conduct of the defendants' peddlers, other than the plaintiff, under it ; but permitted the defendants to show what directions they gave to the plaintiff individually on the subject. There was evidence tending to show that, subsequently to the hiring of the plaintiff and directions then given, the defendants specially authorized the plaintiff to trust out goods on their responsibility ; and the plaintiff admitted that he was not authorized to trust out goods at risk of the defendants, unless the jury should find he was so authorized specially by said subsequent arrangements. There was also evidence tending to show that no such special authority was given ; and this was one of the controverted questions of the case.

" It appeared that, on the ledger of the defendants, produced by them, the plaintiff was credited under date of May 2, 1867, with 'labor to May 2, $369.23.' It was testified that said credit was made on the books, by direction of the defendants, after the labor had ceased and the contract had been broken, if

broken at all.   The court ruled that, if the jury believed this entry was made by the defendants with full knowledge that the contract had been broken and the plaintiff's claim for labor forfeited, and with the intention to give the benefit of said wages to the plaintiff, they would be authorized to find from said entry a waiver of said breach of the contract.   There was no other evidence of a waiver except said entry.

"The jury found for the plaintiff; and the defendants alleged exceptions to the rejection of evidence and the ruling of the court, as aforesaid."

_H. Morris_, for the defendants.

_G. M. Stearns_, for the plaintiff.

CHAPMAN, C. J.   The plaintiff having admitted at the trial that he was not authorized to trust out goods at the risk of the defendants under his original contract with them, and that he relied wholly upon a special authority given to him at a subsequent time, the usage of the defendants respecting their contracts for hiring peddlers was immaterial.   No proof of usage in making contracts with others could strengthen the admitted fact, that in their original contract with the plaintiff they withheld the authority from him.   And the usage did not apply to the special contract which he attempted to prove was made afterwards.

If the plaintiff wrongfully refused to perform his written contract to peddle for the defendants for a stipulated time, he thereby gave to the defendants the right to terminate the contract. It appears that they did this on the 2d of May 1867, and on the same day credited the plaintiff on their ledger with his labor up to that time.   Giving this credit was an act of the defendants tending to show that they waived any claim they might have to a forfeiture of his wages for past services.   It was not a mere mental act, but an entry that changed the actual state of their account with him.   Though they did not make the act known to him at the time, yet they did so afterwards, when they brought the book into court and used it at the trial.   The court ruled correctly, that it was competent evidence to prove a waiver of the forfeiture on their part.                    _Exceptions overruled._